IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNEST C. SMALLWOOD, JR. and <br> EARTHA Y. SMALLWOOD, <br><br> Plaintiffs, <br><br> V. <br><br> WILLOW WAY, LLC and BANK OF <br> AMERICA, N.A., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | No. 3:19-cv-1708-B-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Ernest C. Smallwood, Jr. and Eartha Y. Smallwood are again before this Court after a *pro se* action they filed in state court concerning the property located at 110 Natches Trace, in Coppell, Texas (the "Property") was removed to federal court. Their current case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle.

Defendants Willow Way, LLC and Bank of America each filed motions to dismiss this case under Federal Rule of Civil Procedure 12(b)(6), in which both argue that the Smallwoods' current claims are barred by res judicata (or claim preclusion). *See* Dkt. Nos. 7, 8, 10, 11. The Smallwoods responded to both motions. *See* Dkt. Nos. 21, 22, 23, 25, 26. And Defendants filed replies. *See* Dkt. Nos. 31 & 32. The Smallwoods then moved for leave to amend their complaint. *See* Dkt. Nos. 33 & 34. And Willow Way responded to the motion for leave, *see* Dkt. No. 38, and moved for summary judgment,

*see* Dkt. Nos. 35, 36, 37.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should grant Defendants' motions to dismiss to the extent that all claims should be dismissed with prejudice as barred by res judicata; for that reason, deny the Smallwoods leave to amend; and issue an appropriate vexatious litigant warning, without the need to address the summary judgment motion.

## Legal Standards and Analysis

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). But a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive*

*Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* Instead, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project*, 920 F.2d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on

-3-

context."))).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.2d at 900 (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). And a plaintiff may not amend his allegations through a response to a motion to dismiss. "[A] claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted); *cf. Crisco v. Lockheed Martin Corp.*, No. 4:10-cv-418-A, 2010 WL 3119170, at *2 n.2 (N.D. Tex. Aug. 4, 2010) ("Rule 8 requires that a statement of the court's jurisdiction be included in a 'pleading,' and plaintiff's response to defendant's motion is not a pleading." (citation omitted)).

"[W]hile res judicata is generally an affirmative defense to be pleaded in a defendant's answer[,] there are times when it may be raised on a Rule 12(b)(6) motion," such as "when 'the facts are admitted or not controverted or are conclusively established.'" *Meyers v. Textron, Inc.*, 540 F. App'x 408, 410 (5th Cir. 2013) (per curiam) (quoting *Clifton v. Warnaco, Inc.*, 53 F.3d 1280, 1995 WL 295863, at *6 n.13 (5th Cir. 1995) (per curiam); citation omitted); *accord Priester v. Long Beach Mortg. Co.*, No.

4:16-CV-00449-ALM-CAN, 2017 WL 3671378, at *5 (E.D. Tex. Feb. 3, 2017) (collecting cases), *rec. adopted*, 2017 WL 835074 (E.D. Tex. Mar. 3, 2017).

For example, "[w]hen all relevant facts are shown by the court's own records, of which the court takes notice, the defense [of res judicata] may be upheld on a Rule 12(b)(6) motion without requiring an answer." *Meyers*, 540 F. App'x at 410 (quoting *Clifton*, 1995 WL 295863, at *6 n.13); *cf. McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264-65 (5th Cir. 2018) (per curiam) (a court may dismiss an action "sua sponte on res judicata grounds ... in the interest of judicial economy where both actions were brought before the same court" (quoting *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001)).

To establish res judicata, Defendants rely on two decisions from this Court in previous *pro se* cases brought by the Smallwoods, one affirmed by the United States Court of Appeals for the Fifth Circuit:

- *Smallwood v. Bank of Am. Nat'l Ass'n*, No. 3:15-cv-601-M-BK, 2015 WL 7067864 (N.D. Tex. Oct. 28, 2015), *rec. accepted*, 2015 WL 7069341 (N.D. Tex. Nov. 12, 2015), *aff'd*, 670 F. App'x 333 (5th Cir. 2016) (per curium) ("*Smallwood I*"); and

- *Smallwood v. Willow Way, LLC*, No. 3:17-cv-242-G-BN, 2019 WL 764346 (N.D. Tex. Jan. 29, 2019), *rec. accepted*, 2019 WL 718787 (N.D. Tex. Feb. 20, 2019) ("*Smallwood II*").

The concise per curiam affirmance in *Smallwood I* sums up that action:

The magistrate judge aptly described this *pro se* action as follows:

> "In this garden-variety mortgage foreclosure case, Plaintiffs sought to avoid a threatened foreclosure sale of their home by contending that a transfer of interest between two entities was invalid due to an improper assignment of the note and/or deed of trust on the property. They requested quiet title in their favor, damages, a declaratory judgment, and an injunction preventing the foreclosure."
>
> In a thorough and convincing eight-page analysis, the magistrate judge recommended that the district court grant the defendant banks' motion to dismiss. The district court agreed, and the plaintiffs appeal.
>
> We affirm, essentially for the reasons given by the magistrate judge. The assignment was authorized by well-established Fifth Circuit law. The quiet-title theory fails because the plaintiffs had no sound title, having made their last mortgage payment in 2007. The plaintiffs' other contentions are equally meritless, as the magistrate judge explained.

670 F. App'x at 333 (citations omitted).

*Smallwood II* was resolved on summary judgment:

> there is no genuine dispute as to any material fact that, as of August 4, 2009, all prior notices of acceleration were rescinded or abandoned; that Bank of America once again accelerated the Note on April 27, 2011; and that, based on the acceleration date of April 27, 2011, when Bank of America foreclosed its lien on the Property on March 3, 2015, the four year limitations period had not expired (April 27, 2011 to March 3, 2015).
>
> Because, on the parties' cross-motions for summary judgment, Bank of America and Willow Way are entitled to summary judgment on Plaintiffs' only remaining claim based on the analysis above, the Court need not reach the alternative arguments for summary judgment against Plaintiffs based on the bar on re-litigation under res judicata or an affirmative defense of release based on a settlement agreement between Bank of American and Plaintiffs.
>
> Accordingly, the Court should conclude that there is no genuine dispute as to any material fact as to Plaintiffs' statute of limitations claim; that, correspondingly, Plaintiffs have not shown that established beyond peradventure all of the essential elements of their statute of limitations claim; and that Bank of America and Willow Way have shown that they are entitled to judgment as a matter of law in their favor on Plaintiffs' statute of limitations claim.

2019 WL 764346, at *9.

The Smallwoods' current complaint may fairly be characterized as re-alleging or re-packaging claims they previously made (or could have made) in *Smallwood I* and *Smallwood II*. *See* Dkt. No. 1 at 25-61.

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted); *accord Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990). Those rules bar

> "the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*, *see also Ellis*, 211 F.3d at 937.

*Chalmers v. City of Dallas*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014) (citation modified); *accord Lall v. Bank of N.Y. Mellon*, ___ F. App'x ___, No. 18-10554, 2019 WL 3812772, at *2 (5th Cir. Aug. 13, 2019) (per curiam) (citing *Howe v. Vaughan (In re Howe)*, 913 F.2d 1138, 1143-44 (5th Cir. 1990)); *cf. Meza*, 908 F.2d at 1266 (Privity "is nothing more than a 'legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion.'" (quoting *Sw. Airlines v. Tex. Int'l Airlines*, 546 F.2d 84, 95 (5th Cir. 1977); citations omitted)).

The first three conditions are easily met here – as between *Smallwood I* and *Smallwood II* and this action, the parties are identical – or the defendants, if not

identical, are in privity as "the successor in interest to a party's interest in property," *Meza*, 908 F.2d at 1266 (citation omitted) – and this district court entered final judgments on the merits, dismissing the prior cases with prejudice.

As to the fourth condition, courts in this circuit use "a 'transactional test,'" under which "[t]he critical issue is whether the two suits are based on the 'same nucleus of operative facts.'" *Chalmers*, 2014 WL 7174289, at *6 (quoting *Test Masters*, 428 F.3d at 571); *see Test Masters*, 428 F.3d at 571 ("Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004))).[1]

This element is also easily met. All claims that the Smallwoods now assert– if not identical to the claims asserted in *Smallwood I* and *Smallwood II* – emanate from their attempt to find legal defects to prevent, delay, or contest the foreclosure of the Property and existed at the time the previous suits were filed. *See, e.g., Lall*, 2019 WL 3812772, at *2 n.14 ("While plaintiffs' stated causes of action in the two suits vary

---

[1] *See also Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016) ("True *res judicata* bars recovery when a party seeks to relitigate the same facts even when the party argues a novel legal theory." (citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994))); *Alexander v. Hood for State of Miss.*, No. 3:16-cv-00202-GHD-JMV, 2017 WL 3585470, at *3 (N.D. Miss. Aug. 16, 2017) ("[T]he transactional test is [ ] met ... [if] the claims could or should have been brought in the first action. From Plaintiff's factual allegations in all three cases, it is clear that Plaintiff had notice of the facts giving rise to these claims at the time of the first case and that the Section 1983 claims could have been ruled on by that Court.").

slightly, 'the critical issue is not the relief requested or the theory asserted but whether plaintiff bases the two actions on the same nucleus of operative facts.' That standard is met in this case, where plaintiffs' arguments in both suits challenge the defendants' authority to foreclose because of the same alleged problems with the chain of assignments of the note." (quoting *In re Howe*, 913 F.2d at 1144)).

Further, because the Smallwoods did not appeal *Smallwood II* – instead choosing to file a new action, one in which they now seek leave to amend to inject their belief that Willow Way failed to pay its franchise taxes, presumably to further a collateral attack on foreclosure proceedings, *see* Dkt. Nos. 33 & 34 – Fifth Circuit "caselaw indicates that 'the proper medium for a challenge to the original ... order is through a direct challenge of that order,' and [any] collateral attack [of a previous order] in this suit [would be] barred by res judicata." *Lall*, 2019 WL 3812772, at *3 (citations omitted).

"Therefore, res judicata 'bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication, ... not merely those that were adjudicated.'" *Id.* at *2 (quoting *In re Howe*, 913 F.2d at 1144 (quoting, in turn, *Nilsen v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983)) (en banc)); emphasis omitted). And the Court should grant Defendants' motions to dismiss under Rule 12(b)(6).

Turning to the Smallwood's request for leave to amend, *see* Dkt. Nos. 33 & 34, because the deadline to file motions for leave to amend pleadings imposed by the Federal Rule of Civil Procedure 16(b) scheduling order has not expired, *see* Dkt. No. 19,

¶ 2,

> [l]eave to amend must be "freely given when justice so requires." FED. R. CIV. P. 15(a). "Unless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." *Id.* (internal quotations omitted). Similarly, "[a] district court may deny a proposed amendment for futility – meaning the amended complaint would fail to state a claim upon which relief could be granted." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)).

*Petty v. Great West Cas. Co.*, ___ F. App'x ___, No. 18-11600, 2019 WL 5681356, at *1 (5th Cir. Oct. 31, 2019) (per curiam).

The conclusion that the claims in this action are barred by res judicata also means that leave to amend should be denied as futile. *See, e.g., Rodriguez v. JPMorgan Chase Bank, N.A.*, No. SA-16-CV-410-XR, 2016 WL 4507388, at *5 (W.D. Tex. Aug. 26, 2016) ("The Court finds that granting Rodriguez leave to amend would be futile, as his claims are barred by res judicata and collateral estoppel.").

Further, given the Smallwoods' litigation history as to the Property, if the Court accepts or adopts this recommendation, the Court should also warn them that future litigation asserting claims centered on the Property – whether filed in this Court, filed in state court and removed to this Court, or filed in another federal court and transferred to this Court – could subject him to sanctions, including the Court imposing monetary sanctions and/or precluding them from making further filings without leave of Court.

While "the judicial system is generally accessible and open to all individuals," *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995),

"district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means that p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets,'" *Ruston v. Dallas Cnty.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

## Recommendation

The Court should grant Defendant Willow Way, LLC's and Defendant Bank of America's motions to dismiss [Dkt. Nos. 7 & 10] to the extent that all claims should be dismissed with prejudice as barred by res judicata; for that reason, deny Plaintiffs Ernest C. Smallwood, Jr. and Eartha Y. Smallwood leave to amend, *see* Dkt. No. 34; and issue an appropriate vexatious litigant warning, without the need to address Willow Way's summary judgment motion, *see* Dkt. No. 35.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 12, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE